■   In the Matter of PAMELA M. FAUVELLE, Appellant, v. LEASEWAY OF CENTRAL NEW YORK et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 26, 1973, which found that the accident and resultant death herein did not arise in the course of employment and, therefore, disallowed the claim. Claimant's deceased husband worked for the employer primarily as a mechanic at a garage in Castorland, New York, but, on June 24, 1971, he made a delivery of some tires to the employer's garage in Yorkville, New York. According to the testimony of a fellow employee and eyewitness, the deceased became interested in a motorcycle being stored in the garage at Yorkville, after the completion of his work and while waiting for his wife. The employer had no knowledge of the presence of the cycle and, although it was unregistered and unlicensed, the deceased mounted and started the cycle, after, which it shot out of the garage and collided with a nearby truck. As a result of the mishap, the deceased was killed, and the employer's report of injury, dated June 25, 1971, alleges that the deceased, while off-duty and without authorization, used the motorcycle which apparently went out of control and struck a trailer. After the accident, this claim was filed and the board has denied death benefits as noted above. The sole question presented on this appeal is whether there is substantial evidence to support the board's determination that the accident and resultant death did not arise in the course of the deceased's employment. We find that there is such substantial support. On the record in this case, the board could readily find that, when the accident occurred, the deceased's work day had ended and he remained on the employer's premises by his own choice and was engaged in a purely personal activity totally unrelated to his employment (cf. *Matter of Petrie* v. *Kiewit-Johnson & Johnson*, 15 A D 2d 696). Accordingly, the board's determination must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.